**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4195**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LEONALDO HARRIS,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge. (8:13-cr-00202-PWG-1)

Submitted: March 30, 2017        Decided: April 5, 2017

Before WILKINSON, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mirriam Z. Seddiq, MIRRIAM Z. SEDDIQ, LLC, Upper Marlboro, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Nicolas A. Mitchell, Bryan E. Foreman, Assistant United States Attorneys, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonaldo Harris was charged with conspiracy to distribute and possess with intent to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) (2012). Harris pled guilty pursuant to a written plea agreement, but he subsequently moved to withdraw his plea. He argued that an affidavit revealed new information about his case that called into question the district court's previous denial of his motions to suppress. The district court denied his motion to withdraw his guilty plea. We affirm.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Nicholson, 676 F.3d 376, 383 (4th Cir. 2012) (defining abuse of discretion). "A defendant has no absolute right to withdraw a guilty plea," id. at 383-84 (internal quotation marks omitted); thus, the defendant has the burden of showing a fair and just reason for withdrawal, see United States v. Vonn, 535 U.S. 55, 72 (2012). "[A] fair and just reason . . . is one that essentially challenges . . . the fairness of the [Fed. R. Crim. P.] 11 proceeding." United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). In determining whether a defendant has met his burden, courts consider multiple factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his

2

legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion to withdraw the plea; (4) whether the defendant had the close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

Nicholson, 676 F.3d at 384 (citing United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991)).

"The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." Id. at 384 (internal quotation marks omitted). Accordingly, where the district court substantially complied with the Rule 11 requirements, the defendant must overcome "a strong presumption that [his guilty] plea is final and binding." Id. (internal quotation marks omitted); United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc) (same). Additionally, we have stated that although all of the Moore factors should be considered, the first, second, and fourth are the most important factors in making the determination of whether to allow withdrawal of the plea. United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995).

We have reviewed the record on appeal, and we conclude that the district court did not abuse its discretion in denying Harris' motion to withdraw his guilty plea. The record shows that the district court held a hearing and properly weighed all of the Moore factors before deciding to deny the motion. The district court

3

conducted a thorough and comprehensive Rule 11 hearing prior to accepting Harris' guilty plea. The record further shows that counsel vigorously pursued several pretrial motions on Harris' behalf, and negotiated a favorable sentence for Harris. We also agree with the district court that the affidavit Harris presented with his motion did not credibly call into question the court's earlier rulings made on the motions to suppress.

Accordingly, we affirm the district court's denial of the motion to withdraw the plea and the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED